**Dismissed and Opinion Filed April 24, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-00317-CV**

**IN RE RYAN WALLACE, Relator**

**Original Proceeding from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1073110**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Miskel
Opinion by Justice Partida-Kipness

In his March 19, 2024 petition for writ of mandamus, relator contends his 2013 felony conviction for sexual assault of a child is void for various reasons, and he requests this Court compel the trial court to vacate the judgment of conviction.

We lack jurisdiction to entertain the petition. Relator brings a collateral attack on a final conviction and, therefore, his complaint falls within the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE OF CRIM. PROC. art. 11.07. The Texas Court of Criminal Appeals, not this Court, has exclusive jurisdiction in final, post-conviction felony proceedings. *Id*.; *Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim.

App. 1991) (orig. proceeding) ("We are the only court with jurisdiction in final post-conviction felony proceedings.").

Additionally, relator's petition violates the rules of appellate procedure because the documents attached in support of the petition contain unredacted sensitive information, including the name of the complaining witness, who was a minor at the time of underlying proceeding. *See* TEX. R. APP. P. 9.9(a)(3),(b); 9.10(a)(3).

Accordingly, we dismiss this proceeding for want of jurisdiction and strike relator's petition.

240317f.p05

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE